UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MATTHEW LOUIS JOHNSON, | Case No. CV 12-835-JVS(AJW) |
| Petitioner, | |
| v. | MEMORANDUM AND ORDER |
| | DISMISSING PETITION |
| RANDY GROUNDS, | |
| Respondent. | |

Petitioner filed this petition for writ of habeas corpus by a person in state custody on January 31, 2012. This is the second habeas corpus petition petitioner has filed in this Court challenging his 1997 conviction of robbery. [Petition at 2; Case No. CV 02-1961-JVS(AJW)].[1] Petitioner's first petition raised twelve claims for relief, and was denied on the merits on August 25, 2005. On July 25, 2006, the Ninth Circuit denied petitioner's request for a certificate of appeal ability. In this second petition, petitioner again challenges his 1997 conviction, complaining that the prior convictions

---

[1] The Court may properly take judicial notice of such "matters of public record." See Fed.R.Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

used to enhance his sentence are invalid. [Petition at 5 & attached pages].

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A federal court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and those new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). It is not the district court, however, that decides whether a second or successive petition meets the requirements permitting a petitioner to file a second or successive petition. Rather, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see Felker v. Turpin, 518 U.S. 651, 656-657 (1996). Absent authorization from the court of appeals, this court lacks jurisdiction over this second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir.), cert. denied, 519 U.S. 1102 (1997).

Because petitioner has not obtained leave from the Court of Appeals to file a successive petition, this court lacks jurisdiction to consider it.[2]

---

[2] Furthermore, petitioner is asking this court to do something it is not permitted to do under 28 U.S.C. § 2254. In Lackawanna

For these reasons, the petition for a writ of habeas corpus is **dismissed for lack of jurisdiction.**

Dated: February 3, 2012

_____
James V. Selna
United States District Judge

---

County District Attorney v. Coss, 532 U.S. 394 (2001), the Supreme Court held that
> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a [habeas] petition under [28 U.S.C.] § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna, 532 U.S. at 403-404 (internal citation omitted). Petitioner's 1986 and 1989 convictions have remained undisturbed for more than two decades, because a direct or collateral attack by petitioner upon them either was not attempted or was unsuccessful.  Accordingly, this Court presumes these "priors" to be conclusively valid, and therefore, petitioner's current sentence enhanced by such "priors" is not subject to a § 2254 challenge. Lackawanna, 532 U.S. at 403-404.